UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARRIFF DYER,             )
                              )
            Plaintiff,    )      Case No. 24-cv-12844
                              )
     v.                )      Honorable Denise Page Hood
                              )
VILLAGE CAPITAL &      )      Magistrate Judge Anthony P. Patti
INVESTMENT LLC, *et al.*,   )
                              )
        Defendants.    )

---

## DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER OR OTHER RELIEF

---

Defendants Dovenmuehle Mortgage, Inc. ("DMI"), Village Capital & Investment LLC ("Village"), Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian"), by and through their respective counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent power to manage its docket and the litigants before it, hereby respectfully and jointly request that the Court enter the proposed Protective Order attached hereto as **Exhibit 1**, or impose sanctions or other relief in accordance with the spirit of Exhibit 1, and in support state as follows:

### LOCAL RULE 7.1 COMPLIANCE

In accordance with Local Rule 7.1 and Federal Rule 26(c)(1), counsel for Defendants requested Plaintiff's position as to the instant motion on June 3, 2026. Plaintiff responded as follows: "I oppose the Defendants' intended

1

motion. I also dispute the Defendants' false and inflammatory characterization of our past communications as personal insults, bullying, or unprofessional conduct. Please supplement your motion with real evidence, which you don't have! I know it's been too quiet for you all, but I am cooking up something really good!"

## **INTRODUCTION**

Since the inception of this case, Plaintiff Sharriff Dyer has displayed problematic behavior towards Defendants and their counsel. While Defendants have tried to shield the Court from the details as much as possible, it is regrettable that this motion has become necessary. Based upon Plaintiff's conduct to date, it appears he blames DMI for every allegation made in his complaint and believes its legal counsel are equally evil co-conspirators. Beyond that, Plaintiff has acted inappropriately toward all Defendants and their counsel, has refused to work cooperatively with all Defendants on a collective basis, and has copied non-lawyer executives from one of the parties on his emails. His behavior has escalated to the point where Defendants feel they have no choice but to seek the Court's intervention. A protective order or other relief is necessary to curb Plaintiff's unprofessional behavior.[1]

---

[1] District courts in the Sixth Circuit hold conflicting views on the proper mechanism for imposing decorum upon an abusive litigant. *Compare Yao v. Oakland Univ.*, 2022 WL 187760, at *1 (E.D. Mich. Jan. 20, 2022) (granting motion for protective order where plaintiff directly contacted defendant's officers and employees regarding the litigation), *with Butler v. Eddi*, 2025 WL 4067570, at *2-3 (W.D. Mich. Feb. 12, 2025) (finding Rule 26(c) did not apply, but nonetheless ordering plaintiff not to communicate directly with defendants or any witnesses).

## BACKGROUND

Plaintiff commenced this action, through legal counsel, on October 28, 2024, alleging CARES Act-related violations of the Fair Credit Reporting Act, the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, RESPA, and the Michigan Regulation of Collection Practices Act against Defendants. (Dkt. 1 ("Compl.").) Plaintiff's alleged damages are premised upon his assertion that Defendants' conduct prevented him from sitting for the Michigan State Bar Exam and clearing its character and fitness requirements. (*See id.* ¶ 5.)

The Court is already aware of Plaintiff's prior objectionable conduct, as DMI and Village raised it as the basis for opposing Plaintiff's prior counsel's motion to withdraw. (*See* Dkt. 36.) When ruling on counsel's motion, Judge Patti admonished Plaintiff and counseled him to act professionally throughout these proceedings. (*See* Dkt. 53.) Defendants jointly flagged Plaintiffs' conduct throughout their Rule 26(f) Report. (*See* Dkt. 68.)

### A. Plaintiff Displayed Objectionable Conduct Beginning in December 2024, which Continued into February 2025.

At the start of this case, in December 2024, Plaintiff sent lead counsel for DMI and Village a request to connect on LinkedIn. (*See* Dkt. 36 ¶ 3; Dkt. 36-1.) Mr. Colunga rejected the request and informed Plaintiff's then-counsel (Theodore Westbrook of Westbrook Law PLLC), who said he would "caution [his] client about it." (*Id.*) This was just the beginning of Plaintiff's pattern of inappropriate behavior.

3

As explained in earlier filings, Plaintiff raised his voice, used profanities, and personally attacked counsel for DMI and Village many times in phone conversations and email correspondence. (*See* Dkt. 36 ¶¶ 5-10; *see also* Dkt. 36-2; Dkt. 36-4.) Plaintiff also surreptitiously recorded a phone call with DMI and Village's counsel in February 2025 without counsel's knowledge or consent, even though Illinois (where DMI and its counsel are located) is a two-party consent state. (*See* Dkt. 36 ¶¶ 11-13; *see also* Dkt. 36-5; Dkt. 36-6.) *See* 720 ILCS 5/14-2(a)(2). Plaintiff then fired his legal counsel, prompting DMI and Village to oppose Mr. Westbrook's motion to withdraw. (*See* Dkt. 36 ¶¶ 14-19; *see also* Dkt. 36-7; Dkt. 36-8; Dkt. 36-11.)

### B. After a Hearing on Mr. Westbrook's Motion to Withdraw, the Court Admonished Plaintiff for His Conduct.

Judge Patti heard argument on the motion to withdraw on April 29, 2025, and entered an Order granting the motion on April 30, 2025. (Dkt. 53.) In the Order, the Court directed Plaintiff "to read the Civility Principles of the Eastern District of Michigan and to abide by them," and recognized that, like in other courts,

> Plaintiff is certainly entitled to his personal opinions of Defendants and their counsel, but in this Court, and in this proceeding, he is obligated to abide by this Court's rules of civility regardless of his *pro se* status. *See Sanders v. Delta Air Lines, Inc.*, No. 13-1440, 2013 WL 2859135, at *3 (D. Ariz. June 23, 2014) ("Although a pro se litigant may be entitled to great leeway by the Court when construing their filings, it does not excuse him from following basic rules of ethics and civility." (internal citation omitted)). "The federal courts do not provide a forum for mudslinging, name calling and 'privileged' defamation." *Alvarado Morales v. Digital Equip. Corp.*, 669 F. Supp. 1173, 1187 (D.P.R. 1987). Thus, even as a *pro se* litigant, Plaintiff is both expected and instructed to engage with Defendants and their counsel with civility in all aspects of this proceeding.

4

(*Id.* at 2-3 (quoting *Janiskee v. Vertafore, Inc.*, 2024 WL 5495422, at *2 (W.D. Mich. Jan. 16, 2024); citing *Pitzer v. Groth*, 2005 WL 1838450, at *3 (E.D. Mich. July 29, 2005) (Hood, J.)).)

The Court additionally acknowledged that, given Plaintiff obtained his J.D. but is not licensed to practice law, "Plaintiff's law training will be considered in holding Plaintiff to the standards the Court expects of a respectful, courteous, and well-informed attorney in this District and because Plaintiff's self-initiated communications with opposing counsel prior to this point (while he still had counsel) do not comply with these standards and expectations." (Dkt. 53 at 4.) Plaintiff, however, did not heed the Court's warning.

### C. Plaintiff Refused to Engage in Joint Discussions in February and March 2026.

Plaintiff filed a motion on February 26, 2026, requesting a status conference. (Dkt. 62.) In response the Court Ordered the parties to submit a joint Rule 26(f) report by April 27, 2026. (Dkt. 63.) Plaintiff then sent emails to each of Defendant's counsel, individually, looking to schedule separate Rule 16 conferences. This was inefficient and did not make sense, especially since all parties would need to agree on dates and other items for the Rule 26 report. It was unclear what Plaintiff's motives were in refusing to correspond with all Defendants, but it certainly caused unnecessary confusion. Plaintiff even demanded that Defendants not include him in group discussions and only respond individually. (**Exhibit 2**.) Defendants continued to confer amongst themselves, jointly prepared a draft report, circulated the draft to

Plaintiff on March 31, 2026, and provided their joint availability for a single conference. (**Exhibit 3**.) Plaintiff refused to add his positions to the draft joint report, refused to participate in a single, joint conference, and repeatedly demanded Defendants provide discovery well outside the bounds of Rule 26(f). (**Exhibit 4**; *see also* Dkt. 68 at 2 n.1, 4.) Thus began weeks of Plaintiff needlessly complicating what should have been a straightforward process.

### D. Plaintiff Displayed Abusive and Harassing Behavior in April 2026.

Eventually, Plaintiff relented and agreed to participate in a single, joint conference—provided, however, that Defendants join the conference using a Zoom link specifically circulated by Plaintiff, even though TransUnion's counsel had already provided a remote link for the joint conference. (*See, e.g.*, **Exhibit 5**; Dkt. 68 at 2 n.1.) In the meantime, Plaintiff left harassing voicemails for various defense counsel.

When the joint conference occurred, counsel for DMI, Village, Experian, Equifax, and TransUnion *all* had to repeatedly ask Plaintiff to calm down, stop speaking over them, or refrain from hurling personal insults at one time or another. (*See* Dkt. 68 at 2 n.1.) Defendants also believe Plaintiff was surreptitiously recording the conference, despite all Defense counsel stating they did not consent to being recorded and despite some counsel, again, reminding Plaintiff that they were located in two-party consent states. When asked repeatedly, Plaintiff refused to confirm whether he was recording or not.

### E. Plaintiff Continued to Display Abusive and Harassing Behavior in May 2026 and Contacted Defendant-Representatives Directly.

On May 4, 2026, Plaintiff sent separate emails to Defendants' counsel, advising of his intent to seek leave to amend his complaint to assert class allegations and seeking Defendants' positions on the intended motion. (**Exhibit 6**.) Defendants' counsel conferred and found out that Plaintiff had sent the same email to each of Defendant's counsel separately. At this point, Experian's counsel disclosed that Plaintiff had copied two non-lawyer executives from DMI on the email sent to Experian's counsel. (**Exhibit 7**.)

Defendants chose to make a joint response opposing Plaintiff's intended motion, sent from DMI's counsel, Ms. Rayzor. (**Exhibit 8**.) Plaintiff responded with personal insults aimed at Ms. Rayzor:

| | |
|---|---|
| **From:** | Sharriff Dyer <sharriffdyer@gmail.com> |
| **Sent:** | Wednesday, May 6, 2026 11:24 AM |
| **To:** | Rayzor, Sophie E.H. |
| **Cc:** | Colunga, Isaac J.; Amodeo, Sal; Myra Feagin; Scott Brady; Stojanov, Lara; Nicholson, Eric A.; Kern, Sylas; Bolton, Jordan; Sharp, Heather; Barton, Eric |
| **Subject:** | Re: Notice Regarding Intent to Amendment and Rule 16 Position |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Ms. Rayzor-

I understand Courts do not permit pro se litigants to represent a class because Rule 23(a)(4) requires the representative parties to fairly and adequately protect the class, and Rule 23(g) requires appointment of class counsel if a class is certified.

My personal experience does not provide a basis to deny leave to amend. Ms. Rayzor, you are support staff (you write responses to "Basic" legal issues), and guess what, you're not even the lead attorney for your office in this matter. Nor do you or any other attorney in this matter have the relevant experience to defend a class action lawsuit or, if appointed, to represent a class action complaint (Maybe Isaac has some minor experience). Thus, I'm not offended by your arrogance. False success hinders many lawyers daily.

(**Exhibit 9**.) Ms. Rayzor did not respond. Since then, Defendants have not heard from Plaintiff, nor has Plaintiff filed a motion for leave to amend.

## ARGUMENT

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Similarly, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Lundsted v. JRV Holdings, LLC*, 225 F. Supp. 3d 622, 625 (E.D. Mich. 2016) ("District courts have the inherent power to award sanctions when parties act in bad faith" as part of the court's "equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings."); *Gilmore-Bey v. Schneider*, 2025 WL 1618975, at *1 (E.D. Mich. May 29, 2025) (same); *Vickers v. Mt. Morris Township Police Dep't*, 2022 WL 4820423, at *2 (E.D. Mich. Aug. 17, 2022) (same); *Qiu v. Bd. of Educ. of Woodford Cnty. Pub. Schs.*, 2023 WL 8099107, at *4 (E.D. Ky. Nov. 21, 2023) ("To exercise their inherent authority, federal courts may impose carefully tailored restrictions upon 'abusive litigants.'"). "And while pro se litigants are generally entitled to a degree of leniency, 'pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Vickers*, 2022 WL 4820423, at *2 (citation omitted).

> When litigants cross the line and their conduct during the litigation becomes abusive, courts cannot remain idle bystanders. Judges are obligated to address that behavior lest the judiciary, our Third Branch of government, risks devolving into just another place where individuals can act out their aggressions and frustrations unbound by respect for the rule of law, common etiquette, and proper decorum.

*Gilmore-Bey*, 2025 WL 1618975, at *1 (quoting *In re Jones*, 632 B.R. 138, 142 (Bankr. S.D. Ohio 2021)). Indeed, "unruly or boorish behavior acted out under the auspices of court proceedings, even by *pro se* litigants, is not without consequence." *Id.* (quoting *In re Jones*, 632 B.R. at 142).

Here, as detailed above, Plaintiff's behavior is unacceptable and unrelenting. He has repeatedly displayed unprofessional and inappropriate conduct toward Defense counsel, even after being admonished by this Court. Now, Plaintiff has extended his harassment to copying on emails executives for one of the Defendants to this litigation. This is somewhat ironic given that Plaintiff's primary alleged damages are based on him not passing character and fitness, and yet the Rules of Professional Conduct do not allow lawyers to directly contact parties in litigation, without consent, when those parties are represented by counsel. Either way, Plaintiff's conduct needs to stop, and to keep the case moving forward efficiently, Plaintiff needs to work together with all Defendants and their counsel. This ensures that all parties are on the same page. This further ensures that all parties are apprised of litigation dates, deadlines, meetings, or other matters that may affect the rights of all parties to the matter.

Defendants thus jointly and respectfully seek the Court's assistance with bringing a proper level of decorum and professionalism to these

9

proceedings. To do so, Defendants jointly propose that the Court enter a Protective Order pursuant to Rule 26(c): (1) requiring Plaintiff to stop all personal insults, bullying, and unprofessional conduct aimed at Defendants and Defense counsel; (2) prohibiting Plaintiff from communicating, in any way, with non-lawyer individuals employed or affiliated with any of the Defendants about any matters concerning this litigation; (3) prohibiting Plaintiff from recording conversations without the consent of all parties; and (4) requiring the parties to copy all other counsel on all non-settlement related communications. Defendants therefore respectfully request that the Court enter the Proposed Protective Order attached as Exhibit 1. Doing so will restore professionalism to these proceedings and ensure all parties' rights are protected. *See Yao*, 2022 WL 187760, at *1 (granting motion for Rule 26(c) protective order where plaintiff directly contacted defendant's officers and employees regarding the present litigation).

Alternatively, if the Court feels a protective order under Rule 26(c) is not the appropriate mechanism for the present situation, Defendants respectfully request that the Court enter an Order containing the same relief requested above and in the proposed Protective Order. Defendants additionally, and respectfully, request that the Court warn Plaintiff that a violation of the Court's Order may result in sanctions at the Court's discretion, which can include involuntary dismissal if justified. *See Hardy v. Whitaker*, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026) (citing *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 Fed. App'x 514, 520 (6th Cir. 2016)).

## CONCLUSION

For these reasons, Defendants jointly and respectfully request that the Court enter the attached Protective Order, or, alternatively, enter an Order granting similar relief, and grant Defendants all other relief the Court deems appropriate.

DATED: June 4, 2026                    Respectfully submitted,

                                        **DOVENMUEHLE MORTGAGE, INC. and VILLAGE CAPITAL & INVESTMENT LLC**

                                        By: */s/ Isaac J. Colunga*
                                                One of Their Attorneys

Isaac J. Colunga
Sophie E.H. Rayzor
Sal Amodeo
**TAFT STETTINIUS & HOLLISTER LLP**
111 E Wacker Dr., Ste. 2600
Chicago, Illinois 60601
312-527-4000
icolunga@taftlaw.com
srayzor@taftlaw.com
samodeo@taftlaw.com

DATED: June 4, 2026                    Respectfully submitted,

                                        **EQUIFAX INFORMATION SERVICES, LLC**

                                        By: */s/ Heather H. Sharp*
                                                One of Their Attorneys

Heather H. Sharp
**SEYFARTH SHAW LLP**
1075 Peachtree Street NE, Ste. 2500
Atlanta, GA 30309
404-881-5477
hsharp@seyfarth.com

11

DATED: June 4, 2026                Respectfully submitted,

**TRANSUNION, LLC**

By: */s/ Myra D. Feagin*
         One of Their Attorneys

Myra D. Feagin
**QUILLING SELANDER LOWNDS WINSLETT & MOSER**
10333 N Meridian St., Ste. 200
Indianapolis, IN 46290
317-497-5600
mfeagin@qslwm.com

DATED: June 4, 2026                Respectfully submitted,

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/ Lara Stojanov*
         One of Their Attorneys

Lara Stojanov
**JONES DAY DETROIT**
150 W Jefferson Ave., Ste. 2100
Detroit, MI 48226
313-230-7939
lstojanov@jonesday.com

200312588v5

12