**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARRIFF DYER,

      Plaintiff,

                                        Case No. 24-12844

v.

                                        HON. DENISE PAGE HOOD

VILLAGE CAPITAL &
INVESTMENT LLC, et al.,

      Defendants.
_____/

## ORDER DENYING EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 79)

**I.      BACKGROUND**

This matter is before the Court on a Motion for an Ex Parte Temporary Restraining Order and Preliminary Injunction filed on June 23, 2026, by Plaintiff Sharriff Dyer ("Dyer") against Defendants Village Capital Investment, LLC, Dovenmuehle Mortgage Inc., Experian Information Solutions, Inc., Equifax Information Services, LLC, and Transunion, LLC.  (ECF No. 79). The Complaint alleges violations of the CARES Act, the FCRA, the Michigan Mortgage Brokers, Lenders, and Servicing Licensing Act, RESPA, and the Michigan Regulation of Collection Practices Act.  (ECF No. 1, PageID.10-15). Dyer asserts that this Court has federal-question subject matter jurisdiction over this matter pursuant to 28

U.S.C. § 1331, 15 U.S.C. §§ 1681n and 1681o, and 12 U.S.C. § 2605, and has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. (*Id*. at PageID.4).

The Motion alleges that Dyer sought a $157,500 "cash-out refinance" but the application was denied. (ECF No. 79-1, PageID.831). Dyer claims that Village-related mortgage information entered the credit-supplement and mortgage-verification pathway while the refinance application was denied, and the disputed account information remained unresolved. *Id*. The Motion alleges the cash-out refinance was needed in part for Dyer's son's enrollment into college as a student athlete as the funds would provide his college tuition and enrollment costs. (*Id*. at PageID.831-832). The Motion also alleges Dyer faces current residential harm through repeated drive-bys, photographing, excessive knocking, non-service contact, and property-related activity near his family home. (*Id*. at PageID.832).

Dyer seeks an Ex Parte Temporary Restraining Order that:

> (1) bars non-service residential contact, unnecessary property entry, excessive knocking, threatening conduct, and photographing or recording of Plaintiff's property or in its curtilage; (2) maintain[s] the current voluntary status quo regarding the disputed Village/DMI mortgage account; (3) direct[s] preservation of relevant ordinary-course records, including account, servicing, inspection, vendor, payoff, foreclosure, attorney-fee, returned-funds, litigation-hold, mortgage-verification, and credit-reporting records."

(ECF No. 79, PagID.816).

2

## II.    ANALYSIS

Rule 65(b) of the Rules of Civil Procedure governs motions for temporary restraining orders which states:

> (1)    *Issuing Without Notice.*   The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order expires in 14 days after entry, unless the court extends the order, for good cause, for a like period, or if the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)).  There are two circumstances which would justify the Court proceeding ex parte on a motion for temporary restraining order without notice under Rule 65(b)(1): (1) where notice to the adverse party is *impossible*, and (2) in more limited

3

circumstances, where "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Dyer failed to make a sufficient showing as required under Rule 65(b) that notice to Defendants is not possible. In fact, Dyer certified that Defendants received notice of the Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction through the CM/ECF system. (ECF No. 79-1, PageID.842). Dyer has not shown he is entitled to ex parte relief under Rule 65(b) since he failed to show why notice to the adverse parties is impossible and/or fruitless.

Addressing the irreparable injury requirement, it is well-settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. (*Id.* at 511-512).

In this case, Dyer cannot establish irreparable harm because the alleged injury is fully compensable through an award of monetary damages. Dyer's Complaint seeks only damages, costs, and attorney fees. (ECF No. 1, PageID.15-16).

Dyer has not shown why Defendants should not have notice and an opportunity to respond to his Motion, therefore, Defendants may respond.

Defendants should address the claims raised in Dyer's Motion, particularly for injunctive relief that:

(1) bars non-service residential contact, unnecessary property entry, excessive knocking, threatening conduct, and photographing or recording of Plaintiff's property or in its curtilage;
(2) maintain[s] the current voluntary status quo regarding the disputed Village/DMI mortgage account;
(3) direct[s] preservation of relevant ordinary-course records, including account, servicing, inspection, vendor, payoff, foreclosure, attorney-fee, returned-funds, litigation-hold, mortgage-verification, and credit-reporting records.

(ECF No. 79, PagID.816). Because the Motion for Preliminary Injunction under Rule 65(a) was properly noticed to the Defendants, the Court will schedule the Motion for a hearing. Dyer's Motion for Temporary Restraining Order is denied.

## III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED THAT Plaintiff's Motion for Temporary Restraining Order **(ECF No. 79)** is **DENIED**.   The Court will schedule Plaintiff's Motion for Preliminary Injunction for a hearing.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  July 1, 2026