UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARRIFF DYER,

                Plaintiff,

v.

VILLAGE CAPITAL & INVESTMENT
et al.,

                Defendants.

_____/

Case No. 2:24-CV-12844
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

### ORDER DENYING PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE (ECF NOS. 70, 71) AND GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER (ECF NO. 73)

**A.      Background**

Plaintiff Sharriff Dyer brought this action, through counsel, on October 28, 2024.  The case was assigned to District Judge Denise Page Hood.  On February 27, 2025, Plaintiff's counsel filed a motion to withdraw, which was granted on April 30, 2025.  (ECF No. 53.)  Plaintiff, therefore, now proceeds *in pro per*.  Judge Hood referred this case to me in a referral "for all non−dispositive pretrial proceedings, including any previously filed non−dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A)."  (ECF No. 38.)

Before the Court are three nondispositive motions (ECF Nos. 70, 71, 73), which are referred to me, and two motions not referred to me (ECF Nos. 26, 79).

On April 11, 2025 I issued an order which, among other things, stayed discovery pending further order of the Court.  (ECF No. 46.)  As I stated in that Order, "the Court is persuaded that discovery should be stayed until the dispositive motion is resolved."  (ECF No. 46, PageID.383 (citing cases).)  The motion to dismiss (ECF No. 26), along with a more recently filed motion for preliminary injunction (ECF No. 79), are still pending and therefore discovery remains **STAYED** pending further order of the Court.

As to the three nondispositive motions pending before me (ECF Nos. 70, 71, 73), I conducted a hearing on July 15, 2026.  Counsel for all Defendants appeared as well as the *pro se* Plaintiff.

**B.     Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court orders as follows:

Plaintiff's two motions for judicial notice (ECF Nos. 70, 71) are **DENIED.** First, they are duplicative of each other as they are identical, with the exception of the attachment of exhibits to ECF No. 71.  Second, the motions seek relief not required by Fed. R. Civ. P. 26(f), and the Court declines to issue directives pre-emptively on issues that have not yet arisen.  In the event an issue arises with regard to preservation of evidence or seeking spoliation sanctions, the Court will

2

entertain a motion at the appropriate time, if properly supported with record evidence. Third, and most importantly, the motions are largely moot as discovery is currently stayed, and the Court will not be issuing a Scheduling Order until the pending dispositive motions are resolved. After Judge Hood rules on the dispositive motions, the Court will take a fresh look at the two Rule 26(f) plans which have already been presented to the Court (ECF No. 68 & 69) and issue a Scheduling Order at that time.[1]

Defendants' motion for a protective order (ECF NO. 73) is **GRANTED IN PART AND DENIED IN PART** as follows:

- Going forward, the parties are **EXCUSED** from their responsibilities to meet and confer in person, over the telephone or by videoconference while seeking concurrence under E.D. Mich. 7.1(a)(1) and 37.1. Instead, any party seeking to file a motion must first seek concurrence *in writing by email*, at least one week prior to filing the motion, reasonably explaining "the basis for the motion and allow[ing] for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion." E.D. Mich. 7.1(a)(1).

- Unless the communication relates to settlement discussions, all counsel of record shall be included in emails between Plaintiff and Defendants' counsel.

- Emails between Plaintiff and Defendants' attorneys shall be limited to counsel of record, and may include other attorneys from that counsel's office. Neither Plaintiff nor Defendants shall copy any clients, corporate executives, managers, witnesses, or support staff, nor shall

---

[1] The Court anticipates limiting discovery in its Scheduling Order to a reduced number of written discovery requests and a designated number of depositions.

Plaintiff contact Defendants' clients, client representatives, managers or their corporate executives.

- There shall be no recording of conversations or Zoom calls without agreement by all participants of the conversation, although the number of these will necessarily be limited by the foregoing.

- The exception to this directive is that all depositions shall be recorded by a certified videographer.

- All parties and their counsel are to refrain from personal attacks, bullying, and insults. Plaintiff and counsel shall abide by the civility principles of this Court.

- **Failure to abide by this Order may result in any of the sanctions available under the Federal Rules of Civil Procedure, including those listed in Fed. R. Civ. P. 37(b)(2)(A), up to and including dismissal or judgment**, although the Court cautions parties against trying to "litigate this case by way of sanction," *i.e.*, making extraordinary efforts to set up the other side for failure through "gotcha-type" tactics and overuse of sanction requests. The parties should carefully pick and choose their battles.

**IT IS SO ORDERED.**[2]

Dated: July 16, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

4