UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARRIFF DYER,

Plaintiff,

v.

VILLAGE CAPITAL & INVESTMENT, L.L.C., DOVENMUEHLE MORTGAGE, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAXINFORMATION SERVICES, L.L.C., and TRANS UNION, L.L.C.,

Defendants.
_______________________________/

Case No. 2:24-cv-12844
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED AND SUPPLEMENTAL COMPLAINT (ECF No. 88)**

**A. The Operative Pleading**

On October 28, 2024, Sharriff Dyer initiated this lawsuit, via counsel, regarding, *inter alia*, financing for property which has been his primary residence since August 2015 and the accuracy of his credit report. (*See* ECF No. 1, PageID.5-10 ¶¶ 3-4, 23-65.) Of particular note, Plaintiff alleges that, "[a]lthough [he] otherwise could sit for the Michigan State Bar Exam and be qualified to practice law in the State of Michigan, DMI's and Village's unlawful conduct as alleged herein has directly affected Plaintiff's ability to clear the Michigan State Bar's character and fitness requirements to sit for the exam, causing substantial

actual damage in the form of lost employment opportunities." (*Id.*, PageID.10 ¶ 65.) (*See also id.*, PageID.2 ¶ 5.) Plaintiff's causes of action are based on: (1) the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681o, 1681n; (2) the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (MBLSLA), Mich. Comp. Laws § 445.1681; (3) the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605; and, (4) the Michigan Regulation of Collection Practices Act (MRCPA), Mich. Comp. Laws § 445.257. (ECF No. 1, PageID.10-15 ¶¶ 66-103.)

On February 27, 2025, Plaintiff's counsel filed a motion to withdraw, which was granted on April 30, 2025. (ECF Nos. 35, 53.) Plaintiff, therefore, now proceeds *in pro per*.

**B. Matters Under Advisement**

On March 13, 2025, Judge Hood referred this case to me in a referral "for all non−dispositive pretrial proceedings, including any previously filed non−dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A)." (ECF No. 38.) At present, Judge Hood has two motions under advisement:

- Village Capital and Dovenmuehle's January 17, 2025 motion to dismiss (ECF Nos. 26, 27), as to which a response (ECF No. 31) and a reply (ECF No. 37) have been filed and which <u>Judge Hood took under advisement after oral argument on May 28, 2025</u>; and,

- Plaintiff's June 23, 2026 *ex parte* emergency motion for temporary restraining order, preliminary injunction, and request for expedited hearing (ECF No. 79), as to which Judge Hood denied the motion for TRO (ECF No. 82), a response (ECF No.

85) and a reply (ECF No. 89) were filed, and Judge Hood took the motion for preliminary injunction under advisement after oral argument on August 12, 2026 (*see* ECF No. 92, PageID.1525 [transcript]).

**C. Present Motion**

On July 28, 2026 – *i.e.*, approximately 18 months after the January 17, 2025 motion to dismiss (ECF Nos. 26, 27), 17 months after his counsel's February 27, 2025 motion to withdraw (ECF No. 35), 14 months after Judge Hood's May 28, 2025 hearing on the motion to dismiss, and approximately two weeks after a July 15, 2026 hearing on multiple motions (see ECF No. 94 [transcript]) – Plaintiff filed a motion for leave to file a first amended and supplemental complaint (ECF No. 88).

This motion is before me. As reflected in my August 12, 2026 text-only order, the August 10, 2026 proposed first amended and supplemental complaint (ECF No. 90-3), rather than the one attached to the present motion (ECF No. 88-2), is now considered the proposed amended and supplemental complaint. The five Defendants filed a joint response (ECF No. 93), and Plaintiff has filed a reply (ECF No. 96). Thus, the motion is ready for decision.

On September 30, 2026, I conducted an in-person hearing (*see* ECF No. 97), at which Plaintiff appeared on his own behalf and counsel appeared on behalf of Defendants Village Capital and Dovenmuehle (Attorney Isaac Julian Colunga),

Defendant Experian (Attorney Adam Rosenberg), Defendant Equifax (Attorneys Sylas Anderson Kern and Scott Assenmacher), and Trans Union (Attorney Myra Denise Feagin). At the conclusion of a more than two-hour hearing, the Court issued its ruling from the bench.

**D. Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion for leave to file a first amended and supplemental complaint (ECF No. 88) is **DENIED**. Among other reasons:

**(1)** Although the Court "should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the Court is permitted to consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court need not assess futility, because there is clear, undue delay, not to mention significant indicia of dilatory motive. *See*, *e.g.*, *Gunnels v. Kenny*, 700 F. App'x 478, 484 (6th Cir. 2017) (citing *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898–99 (6th Cir. 2006); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). For

example, there are presently two dispositive motions under advisement (ECF Nos. 26, 79), each of which would relate to the operative, original complaint (ECF No. 1). The untimeliness of Plaintiff's motion – were it to be granted – would result in prejudice to Defendants (*e.g.*, wasted time and money already expended in significant, dispositive motion practice related to the original complaint), and it would be highly burdensome to the Court (*e.g.*, which has prepared, heard, taken under advisement, and begun work on rendering rulings on these motions). "Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Here the delay is undue, and Plaintiff's explanations at the hearing as to why he waited so long to file this motion were vague and unsatisfactory. Clearly there is both unwarranted burden on the Court and prejudice to Defendants. This is to say nothing of the time, exorbitant expense and effort that would be required to answer and/or file a dispositive motion with respect to the extraordinarily lengthy, proposed pleading, if it were permitted.

**(2)** Although Plaintiff did attach his proposed amended and supplemental complaint to his motion (*see* ECF Nos. 88-2, 90-3) as described in E.D. Mich. LR

15.1, the motion itself is deficient in substance as to what he truly seeks to accomplish by the proposed amendment, or why he should be permitted to do so (*see* ECF No. 88, PageID.949-950), and it is not cured by the motion brief (*see* ECF No. 88-1). *See McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal quotation and citation and omitted)).

**(3)** While the Court appreciates Plaintiff's red-lined comparison exhibits (*see* ECF Nos. 88-2, 88-3, 90-3, 90-4; *see also* ECF No. 98-1), the Court will not take up what essentially is an invitation to figure out what is being added by pouring through a 440-paragraph, 119-page proposed pleading. *See ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) ("[I]t is [a party's] burden to tell us and make the argument because '[j]udges are not like pigs, hunting for truffles' that might be buried in the record.") (quoting *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x. 733, 736 (6th Cir. 2011)); *see also Jiggetts v. D.C.*, 319 F.R.D. 408, 418 (D.D.C. 2017) (("Rule 8(a)'s very purpose is to relieve the Court (and opposing counsel) of that burden: it 'requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'") (quoting *United States ex rel. Garst*, 328

F.3d 374, 378 (7th Cir. 2003))), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Nor does the Court believe that it would be reasonable to require such an exercise from Defendants. Plaintiff's reply (*see* ECF No. 96) cannot operate to cure this ailment, because a party "cannot raise new issues in a reply brief[.]" *McCarthy v. City of Cleveland*, 626 F.3d 280, 286 (6th Cir. 2010) (quotations and citation omitted).

**(4)** Also, while the Court must *construe* a *pro se* complaint liberally (*see Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the federal rules require that all complaints – including those filed by *pro se* litigants – set forth a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Here, it is clear Plaintiff has some legal experience. During the hearing and at a previous court appearance, Plaintiff stated that he has a juris doctor degree and has waited seven years to clear character and fitness screening.[1] In light of this, he may not necessarily be "entitled to the liberal construction generally afforded to the pleadings of *pro se* plaintiffs." *Ponte v. Chase Bank USA, N.A.*, No. 12-13901, 2013 WL 5818560, at *4 (E.D. Mich. Oct. 29, 2013) (Cox, J., *accepting and adopting report and recommendation of* Grand, M.J.). *See also Dobronski v. Alarm Mgmt. II, L.L.C.*, No. 18-11055, 2020 WL 6780267, at *4

[1] This period aligns with Plaintiff's allegations concerning Trans Union's January 8, 2021 report to the State Bar of Michigan. (ECF No. 8, ¶¶ 5, 167-169, 201, 203, 212, 220, 221, 287, 295, 297.)

(E.D. Mich. Nov. 18, 2020) (Cleland, J.) ("Plaintiff, while appearing *pro se*, is trained in the law. He previously served as a judge in Arizona."). Moreover, the Undersigned notes that, to date, Plaintiff has filed 12 motions in this case (*see* ECF Nos. 32, 35, 40, 62, 69, 70, 71, 78, 79, 88, 90, 95), and he also has filed responses and replies (*see* ECF Nos. 31, 49, 89, 96); thus, he is not a stranger to the Court and its procedures.[2]

**(5)** More to the point, the proposed first amended and supplemental complaint (ECF No. 90-3) violates Rule 8(a)(2). In comparison to the operative pleading's 17 pages and 103 paragraphs (ECF No. 1) – the status of which has been under advisement since May 28, 2025 – the prolix proposed pleading adds 102 pages and more than 337 paragraphs, several of which are further divided into sub-paragraphs (*see*, *e.g.*, ECF No. 90-3, ¶¶ 384, 384-1, 384-2, 384-3, *etc.*). By way of illustration, there are: (a) numerous pages devoted to "FICO and materiality of mortgage payment history" (*see id.*, ¶¶ 25-41), the Consumer Data Industry Association (*see id.*, ¶¶ 42-62), "Covid-19 accommodation and Metro 2

[2] Additionally, it appears Plaintiff previously may have filed other matters in this Court: (1) 2:12-cv-13259-DPH-MKM, *Dyer et al v. HSBC Bank USA, N.A., et al.* (a truth in lending case as to which a stipulated order of dismissal was entered on January 2, 2013); (2) 2:14-cv-11229-AJT-MKM, *Dyer v. Experian Information Solution Inc. et al.* (a consumer credit case as to which a stipulated order of dismissal was entered on September 18, 2014); and, (3) 2:15-cv-12763-MOB-EAS, *Dyer v. People Driven Credit Union* (a consumer credit case as to which a stipulated order of dismissal was entered on September 30, 2015).

reporting" (*see id.*, ¶¶ 63-72), much of which, if filed, would undoubtedly become the subject of a motion to strike as "redundant, immaterial, [and/or] impertinent . . . ." material, *see* Fed. R. Civ. P. 12(f); (b) the "factual allegations" begin at Paragraphs 73, contain various subsections, and span a period that includes the 2020 Covid-19 epidemic through October 2024 (*see id.*, ¶¶ 73-221); and, (c) the "supplemental factual allegations" begin at Paragraph 222, contain various subsections, and span a period from November 2024 to June 2026 (*see id.*, ¶¶ 222-281). Among these are years of excruciating detail about individual transactions and communications. After all that, the causes of action comprise at least 159 paragraphs (*see id.*, ¶¶ 282-440), within which are six wherefore clauses (*see id.*, ¶¶ 282-362 [FCRA], ¶¶ 363-384-6 [MBLSLA], ¶¶ 385-401 [Equal Credit Opportunity Act (ECOA)], ¶¶ 402-417 [RESPA], ¶¶ 418-434 [MRCPA], ¶¶ 435-440 [supplemental application by claim]). Were this proposed pleading to be filed, it would engender many thousands of dollars in attorney fees to sort through, investigate and prepare a response.

For these reasons, <u>and all others placed on the record</u>, the motion (ECF No. 88) is **DENIED**.

**IT IS SO ORDERED.**[3]

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

Dated: October 8, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).