**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHARRIFF DYER, an individual,

Plaintiff,

v.

VILLAGE CAPITAL & INVESTMENT LLC; DOVENMUEHLE MORTGAGE, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION LLC,

Defendants.
____________________________________/

Case No. 2:24-cv-12844
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE AND FOR OTHER RELIEF (ECF NO. 107)**

Plaintiff Sharriff Dyer, appearing Pro Se, opposes ECF No. 107, which asks the Court to consolidate and dismiss his companion case, No. 2:26-cv-13905 ("Dyer II"). On August 25, 2026, all five Defendants told the Court that Plaintiff's additional allegations were "largely comprised of post-complaint conduct." (ECF No. 93, PageID.1537.) Now they say Dyer II duplicates claims "already pending" here. (ECF No. 107, PageID.2190.) Counts VIII through X of Dyer II plead reports prepared for Ford Credit and GM Financial on or about November 6, 2024, nine days after this case was filed. (Dyer II, ECF No. 1, ¶¶ 150, 157, 164, PageID.30, 32, 34.) The Court should deny the motion.

# BRIEF IN OPPOSITION TO ECF NO. 107

## TABLE OF CONTENTS


STATEMENT OF ISSUES PRESENTED....................1
CONTROLLING OR MOST APPROPRIATE AUTHORITY....................2
INTRODUCTION....................2
COUNTER-STATEMENT OF THE CASE....................4
I. JUDGE HOOD DECIDES THE DISMISSAL AND RESTRICTION REQUESTS, WHICH THE REFERRAL DOES NOT COVER....................4
II. DYER II'S LATER COUNTS REST ON EVENTS AFTER OCTOBER 28, 2024, AND A FIRST SUIT DOES NOT BAR THEM....................5
A. Counts VIII through X rest on reports to Ford Credit and GM Financial prepared after this case was filed....................6
B. Count IV rests in part on Experian's handling of a June 23, 2026 dispute....................7
C. Defendants called the later Experian allegations post-complaint conduct before Dyer II existed....................8
III. DYER II IS A DISCLOSED PROTECTIVE FILING, NOT AN "END-RUN" AROUND ANY ORDER....................9
A. Dismissal could expose these claims to limitations problems, and Plaintiff called Dyer II a protective action the day he filed....................11
B. Plaintiff filed openly and sought review the way Rule 72 provides....................12
C. The "conceded the duplicity" charge rests on a changed word and a shortened sentence....................13
IV. CONSOLIDATION IS PREMATURE, BECAUSE JUDGE HOOD ALREADY PRESIDES OVER BOTH CASES....................14
V. NO FILING RESTRICTION IS WARRANTED, BECAUSE THIS CASE AND DYER II, BOTH ABOUT ONE LOAN, ARE NOT A PATTERN....16
A. Restrictions follow repeated suits or frivolous filings, on findings....................17
B. No order finds any of Plaintiff's filings frivolous or harassing, and Defendants cite none....................18
C. The record Defendants cite shows no pattern, and Defendants name no lesser measure....................20
D. Plaintiff's position rests on law, and Defendants file no proof of cost....21
E. The order Defendants seek is not narrowly tailored....................22
VI. THE "GUARDRAILS" REQUEST IS UNDEVELOPED AND SHOULD BE DENIED....................23
CONCLUSION AND RELIEF REQUESTED....................24

## STATEMENT OF ISSUES PRESENTED

1. Whether a magistrate judge may decide, without Plaintiff's consent, the requests to dismiss Dyer II and to enjoin Plaintiff's filings under a referral of "all non-dispositive pretrial proceedings." Plaintiff answers: No.

2. Whether Dyer II may be dismissed as duplicative when Counts VIII through X and part of Count IV rest on events after this case was filed. Plaintiff answers: No.

3. Whether Dyer II, filed openly to protect claims and followed by a timely Rule 72 objection, is "an improper attempt to circumvent" ECF No. 100. (ECF No. 107, PageID.2179.) Plaintiff answers: No.

4. Whether consolidation is warranted now, when Judge Hood already presides over both cases and ECF Nos. 26 and 101 are undecided. Plaintiff answers: No.

5. Whether LR 5.2 permits a vexatious-litigant designation based on this case and Dyer II, both about one loan, when no order finds a filing frivolous or harassing and Defendants prove no cost. Plaintiff answers: No.

6. Whether "guardrails" excusing Defendants from responding to Plaintiff's requests for permission to file may issue on one sentence and no authority. (ECF No. 107, PageID.2198-99.) Plaintiff answers: No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Who decides: 28 U.S.C. § 636(b)(1)(A)-(C), (c)(1); E.D. Mich. LR 42.1.

Duplicative litigation: *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 414-15 (2020); *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (en banc); *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529-30 (6th Cir. 2006); *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260-63 (6th Cir. 2019); *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 794-95 (6th Cir. 2016); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27-28 (6th Cir. 1987) (per curiam).

Consolidation: Fed. R. Civ. P. 42(a); *Hall v. Hall*, 584 U.S. 59, 70, 72 (2018); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866-67 (E.D. Mich. 2019) (Hood, J.).

Filing restrictions: E.D. Mich. LR 5.2; *Wasserman v. Beggs*, No. 25-3793, slip op. at 7 (6th Cir. October 27, 2026); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269-70 (6th Cir. 1998); *Hyland v. Stevens*, 37 Fed. App'x 770, 771 (6th Cir. 2002); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

## INTRODUCTION

Dyer II's later counts plead reports and a dispute that did not yet exist when this case was filed. Yet ECF No. 107 calls them duplicates of claims "already

pending" here. (ECF No. 107, PageID.2190; Dyer II, ECF No. 1, ¶¶ 111-112, 150, 157, 164, PageID.21-22, 30, 32, 34.) ECF No. 107 itself states that "no substantive issues have been decided in this case." (ECF No. 107, PageID.2194.) After the Court denied leave to amend and supplement, Plaintiff filed Dyer II, told Defendants' counsel that day, and filed a Rule 72 objection five days later. (ECF No. 100; ECF No. 107-2, PageID.2244; ECF No. 101, PageID.1918.) ECF No. 107 fails for four separate reasons. First, Judge Hood decides every request: LR 42.1(b) gives her the motion, and the referral covers only non-dispositive matters. (ECF No. 38, PageID.352.) Second, Dyer II is neither duplicative nor an "end-run": no order bars it. Three of its counts, and part of a fourth, rest on events after October 28, 2024, which a first suit does not bar. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529-30 (6th Cir. 2006). Any count that the Court finds overlaps this case should be stayed, not dismissed. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 794-95 (6th Cir. 2016). Third, consolidation is premature: Judge Hood already presides over both cases, and ECF Nos. 26 and 101 are undecided. (Dyer II, ECF No. 6, PageID.44.) Fourth, no filing restriction is warranted: LR 5.2 requires "a pattern of filing repetitive, frivolous, or vexatious cases," and ECF No. 107 points to this case and Dyer II, both about one loan. (ECF No. 107, PageID.2185-86.) Every request, including the unsupported "guardrails" (ECF No. 107, PageID.2180), should be denied.

## COUNTER-STATEMENT OF THE CASE

Plaintiff, through counsel, filed this case on October 28, 2024. (ECF No. 1.) Experian, Trans Union and Equifax answered between December 20, 2024 and January 9, 2025. (ECF Nos. 18, 22, 23.) DMI and Village filed their motion to dismiss on January 17, 2025. (ECF No. 26.) Counsel moved to withdraw on February 27, 2025, and the Court granted withdrawal on April 30, 2025. (ECF No. 87, PageID.945.) Judge Hood took DMI and Village's motion under advisement after argument on May 28, 2025. (ECF No. 105, PageID.2129.)

Plaintiff moved for leave to amend and supplement on July 28, 2026; on August 12, 2026, the Court let him supplement that motion. (ECF Nos. 88, 90; ECF No. 105, PageID.2131.) After a September 30, 2026 hearing, the Court denied leave on October 8, 2026. (ECF Nos. 99, 100.) Plaintiff filed Dyer II on October 13, 2026 and objected on October 18, 2026. (Dyer II, ECF No. 1; ECF No. 101, PageID.1918.)

### I. JUDGE HOOD DECIDES THE DISMISSAL AND RESTRICTION REQUESTS, WHICH THE REFERRAL DOES NOT COVER.

ECF No. 107 seeks dismissal of Dyer II and an order that Plaintiff be "enjoined" under LR 5.2, which gives that power to "[a] district judge." (ECF No. 107, PageID.2179-80, 2188.) Section 636(b)(1)(A) lets no magistrate judge determine either "a motion for injunctive relief" or a motion "to involuntarily dismiss an action." Judge Hood's March 13, 2025 referral covers "all non-

dispositive pretrial proceedings . . . pursuant to 28 U.S.C. § 636(b)(1)(A).” (ECF No. 38, PageID.352.) Plaintiff does not consent to a magistrate judge deciding either request. 28 U.S.C. § 636(c)(1). Any referral of them may yield only “proposed findings of fact and recommendations,” which are reviewed de novo on objection. *Id.* § 636(b)(1)(B)-(C). LR 42.1(b) provides that “[t]he district judge presiding in the earliest numbered case will decide the motion.” Judge Hood should decide every request in ECF No. 107.

Defendants’ own footnote states that they filed no LR 42.1 notice of this motion in Dyer II “[b]ecause the case was reassigned to this Court.” (ECF No. 107, PageID.2186 n.2.) LR 42.1(a)(2) requires a movant to “file a notice of the motion in each related case,” and it has no such exception. Dyer II should not be consolidated or dismissed until Defendants file that notice on its docket.

## II. DYER II’S LATER COUNTS REST ON EVENTS AFTER OCTOBER 28, 2024, AND A FIRST SUIT DOES NOT BAR THEM.

ECF No. 107’s statement that Dyer II “does not concern any distinct claims or new allegations” is false: three of its counts, and part of a fourth, rest on events after this case was filed. (ECF No. 107, PageID.2189; Dyer II, ECF No. 1, ¶¶ 111-112, 150, 157, 164, PageID.21-22, 30, 32, 34.) Dismissing “a suit that is not truly duplicative of a prior one is an abuse of discretion.” *Waad v. Farmers Ins. Exch.*, 762 F. App’x 256, 260 (6th Cir. 2019) (citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). Suits are duplicative only when “a determination in one

action leaves little or nothing to be determined in the other." (ECF No. 107, PageID.2187 (quoting *Smith*, 129 F.3d at 361).) Claim splitting and duplicative litigation assume the first suit is final, and both doctrines carry a caveat: they "do[ ] not apply to claims that were not ripe at the time of the first suit." *Waad*, 762 F. App'x at 260 (quoting *Rawe*, 462 F.3d at 530). Claim preclusion generally "does not bar claims that are predicated on events that postdate the filing of the initial complaint." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 414 (2020) (internal quotation marks and citation omitted). Such events "often give rise to new '[m]aterial operative facts' that 'in themselves, or taken in conjunction with the antecedent facts,' create a new claim to relief." *Id.* at 415 (citation omitted). Counts VIII through X and part of Count IV rest on such events.

**A. Counts VIII through X rest on reports to Ford Credit and GM Financial prepared after this case was filed.**

No pleading or proposed pleading in this case names the reports to Ford Credit and GM Financial behind Counts VIII through X. (ECF Nos. 1, 88-2, 90-3.) Count VIII pleads that Trans Union prepared the inaccurate reports on or about November 6, 2024, nine days after this case was filed, without the reasonable procedures § 1681e(b) requires "[w]henever a consumer reporting agency prepares a consumer report." (Dyer II, ECF No. 1, ¶¶ 150-151, PageID.30; 15 U.S.C. § 1681e(b).) Counts IX and X plead the same against Experian and Equifax. (Dyer II, ECF No. 1, ¶¶ 157-158, 164-165, PageID.32, 34.) ECF No. 1

could not plead reports that did not yet exist, and like the insurer in *Rawe*, the bureaus acted after the first complaint. Claims on that conduct "cannot be barred by res judicata, because those alleged actions had not yet occurred." *Rawe*, 462 F.3d at 529. *Rawe* also rejected the argument that the plaintiff "*could* have amended her complaint" to add "*ongoing*" conduct. *Id.* at 530. These counts alone make dismissal of Dyer II an abuse of discretion. *Waad*, 762 F. App'x at 260.

**B. Count IV rests in part on Experian's handling of a June 23, 2026 dispute.**

The § 1681i(a) claim against Experian in ECF No. 1 rests on an earlier dispute and pleads nothing after October 28, 2024. (ECF No. 1, ¶¶ 55-59, 67, PageID.8-10.) Dyer II pleads that Experian did not reasonably reinvestigate "[a]fter receiving the 2024 Disputes and the June 23, 2026 dispute," and that its July 14, 2026 results "still showed delinquency history beginning in March 2020." (Dyer II, ECF No. 1, ¶¶ 111-112, PageID.21-22.) When a consumer disputes an item, the bureau "shall . . . conduct a reasonable reinvestigation." 15 U.S.C. § 1681i(a)(1)(A). Plaintiff was "not required to amend" to add the 2026 dispute, because "the opportunity to file a supplemental complaint is not an obligation." *Waad*, 762 F. App'x at 261 (quoting *Rawe*, 462 F.3d at 530).

Later conduct of the same kind is still a new claim, because a first suit "does not prospectively immunize the defendant from liability for future actionable

conduct for bad faith." *Rawe*, 462 F.3d at 530. A ruling in this case would leave these events "to be determined." *Smith*, 129 F.3d at 361.

**C. Defendants called the later Experian allegations post-complaint conduct before Dyer II existed.**

All five Defendants argued that Plaintiff "cannot use the present Motion to improperly amend or expand his claims through post-Complaint allegations." (ECF No. 93, PageID.1536.) On August 4, 2026, DMI and Village's counsel had written that Defendants opposed leave "in part because amending the complaint while DMI and Village's motion to dismiss is pending (and has been fully briefed and argued since May 2025) would be inefficient." (ECF No. 105-1, PageID.2153.) ECF No. 93 called Plaintiff's additional allegations "largely comprised of post-complaint conduct," citing Experian's July 14, 2026 results. (ECF No. 93, PageID.1537.) The Court said the supplemental allegations span "a period from November 2024 to June 2026." (ECF No. 100, PageID.1916.) ECF No. 107 says Plaintiff "was already denied leave to assert the Dyer II claims in this case," yet says they duplicate claims "already pending before the Court in this case." (ECF No. 107, PageID.2179, 2190.) Experian joined ECF No. 107's statement that "[t]hese are not new claims." (ECF No. 107, PageID.2179.) Thirteen days later, its answer in Dyer II, while calling these claims "duplicative," admitted that the pleading this Court refused to allow "included FCRA allegations against Experian based on his 2024 disputes and later events." (Dyer II, ECF No. 12, PageID.71-72.)

It then says Dyer II asserts "the very allegations concerning his 2024 disputes" on which "the Court denied leave." (*Id.*, PageID.136.) The Dyer II claims this Court kept out of this case are not "already pending" in it. Allegations that Defendants called "post-Complaint" on August 25, 2026 cannot duplicate a complaint filed October 28, 2024. *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142 (6th Cir. 2020), does not control. When the later suit there was filed, Church had two suits pending that "were both based in the same facts at issue here." *Id.* at 146. Here, the facts behind the later counts did not exist when ECF No. 1 was filed. If the Court finds that any Dyer II count overlaps this case, *Baatz* suggests a stay: "[i]t is simpler just to stay the second suit." *Baatz*, 814 F.3d at 795 (quoting *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989)). The request to dismiss Dyer II should be denied.

## III. DYER II IS A DISCLOSED PROTECTIVE FILING, NOT AN "END-RUN" AROUND ANY ORDER.

Defendants' "end-run" theory fails because no order bars Dyer II and its later counts are not duplicative. (ECF No. 107, PageID.2191.) *Twaddle v. Diem* reversed an "end run" dismissal because "there was no violation of a court order, no grounds for dismissal for nonjoinder, and no basis to conclude that the cases were duplicative." 200 F. App'x 435, 436, 439 (6th Cir. 2006). The suits there named different defendants, *id.* at 438-39; Dyer II's later counts differ because they rest on later events (Argument II). *Twaddle* asked "whether plaintiffs were

required to bring these claims" in the first case. *Id.* at 437. Plaintiff was not required to bring the later counts here. *Waad*, 762 F. App'x at 261 (plaintiffs "not required to amend" after the first court "barred further amendments").

None of Defendants' "end-run" cases comes from the Sixth Circuit, and each turned on facts absent from Dyer II's later counts. ECF No. 107 calls *Heard v. Strange* "parallel." (ECF No. 107, PageID.2191.) *Heard* dismissed a "nearly identical" second complaint without prejudice, while the plaintiff remained "free to seek leave to amend his complaint in his prior 2017 case." 2021 WL 695052, at *1-2 (E.D. Mich. February 23, 2021). *Heard*'s retaliation claims had been "raised in his prior pending action." *Id.* at *1. ECF No. 1 pleads none of the later events. ECF No. 107 omits that the dismissal was without prejudice. (ECF No. 107, PageID.2191.) *Lucas* dismissed "without prejudice to plaintiff's pursuit of any claims against the District raised in any amended complaint he may file" in the first case, where leave was denied without prejudice. *Lucas v. D.C.*, 214 F. Supp. 3d 7, 8, 9 n.1 (D.D.C. 2016). *Prewitt* found an "end-run" where the claims "were available to him at the time he filed his first complaint and nothing occurred thereafter which would enable him to avoid" preclusion. *Prewitt v. Walgreens Co.*, 2013 WL 6284166, at *5-6 (E.D. Pa. December 2, 2013). *Fabics*, which "does not constitute binding precedent," said a court facing a duplicative complaint could stay it, consolidate it or dismiss it without prejudice. *Fabics v. City of New*

*Brunswick*, 629 Fed. App'x 196, 197 n.*, 198 (3d Cir. 2015). It affirmed a dismissal with prejudice because its plaintiffs "disregarded the instruction" to move again to amend and the first court gave them "thirty days in which to file an amended complaint." *Id.* at 198-99.

*Heard*, *Lucas* and *Fabics* each left the claims a path in the first case. ECF No. 100 names only Rule 72 review (ECF No. 100, PageID.1916-17 n.3), so these decisions support at most a stay of an overlapping count. None reaches the later reports behind Counts VIII through X (Argument II.A). *Waad* held that plaintiffs who "could have petitioned" for leave to add a claim that ripened after their first suit "were within their rights" to sue on it "instead." 762 F. App'x at 261. It affirmed dismissal only of a third suit that repeated a pending suit's claims and came after plaintiffs sought neither leave nor reconsideration. *Id.* at 259, 261-63. Plaintiff sought leave and then review. (ECF Nos. 88, 101.)

**A. Dismissal could expose these claims to limitations problems, and Plaintiff called Dyer II a protective action the day he filed.**

On October 13, 2026, Plaintiff told counsel for Defendants that he filed Dyer II "as a protective action to preserve the ECOA and FCRA claims the Court did not allow me to add in No. 2:24-cv-12844 (ECF No. 100)." (ECF No. 107-2, PageID.2244.) ECF No. 107 quotes that statement in seeking dismissal and a filing restriction. (ECF No. 107, PageID.2185-86, 2196.) But the Sixth Circuit held dismissal of a second suit an abuse of discretion where the plaintiffs raised "serious

concerns about their ability to have their claims heard," noting that dismissal "may create statute of limitations problems." *Baatz*, 814 F.3d at 794. A court need not decide such concerns on the merits; it is "enough to note that they exist, are not frivolous, and could impair the plaintiffs' interests if this suit is dismissed." *Id.* at 795.

The ECOA and FCRA claims Plaintiff named have fixed limitations periods. ECOA bars an action "brought later than 5 years after the date of the occurrence of the violation." 15 U.S.C. § 1691e(f). The FCRA allows at most "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." *Id.* § 1681p(1). Even a dismissal without prejudice "leaves the situation the same as if the suit had never been brought." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (per curiam). Absent "a statute to the contrary," a party "cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Id.* "If the period of limitations has run by the point of such a dismissal, any new action is generally untimely." *Id.* at 28 (quoting *Harris v. City of Canton*, 725 F.2d 371, 376-77 (6th Cir. 1984)). A stay preserves Dyer II's filing date; a dismissal may not.

**B. Plaintiff filed openly and sought review the way Rule 72 provides.**

ECF No. 107 says Plaintiff is "disregarding the Court's Order" and advancing claims "before another district judge and magistrate judge," yet its own

footnote reports that Dyer II was reassigned to Judge Hood and Magistrate Judge Patti on October 30, 2026. (ECF No. 107, PageID.2186 n.2, 2190.) Judge Hood signed that order twelve days before ECF No. 107 was filed. (Dyer II, ECF No. 6, PageID.44.) The cases in *Twaddle* sat "before different district judges," yet the Sixth Circuit reversed the dismissal. 200 F. App'x at 437, 439. ECF No. 107 reports that Plaintiff identified Dyer II as a companion case and wrote to Defendants' counsel the day he filed it, and he objected to ECF No. 100 five days later. (ECF No. 107, PageID.2185; ECF No. 101, PageID.1918.) ECF No. 100 ordered nothing about any other action, and the bench ruling it adopts says nothing about one. (ECF No. 100, PageID.1911, 1916; ECF No. 99, PageID.1885-1906, Tr. 70:20-91:22.)

**C. The "conceded the duplicity" charge rests on a changed word and a shortened sentence.**

ECF No. 107 rests its charge that Plaintiff "conceded the duplicity" on two quotations, one with a changed word and one cut with an ellipsis. (ECF No. 107, PageID.2190-91.) It quotes Plaintiff's brief as referring to "later same-account details"; the brief says "later same-account events." (ECF No. 107, PageID.2190; ECF No. 88-1, PageID.953.) ECF No. 105 made the same change nine days earlier. (ECF No. 105, PageID.2130.) Events after the complaint are the conduct *Rawe* protects, not "details" of the same claims. Plaintiff sought leave to avoid "the unnecessary filing of a second action"; it was denied. (ECF No. 88-1, PageID.954;

ECF No. 100.) Supplementing was not an obligation. *Rawe*, 462 F.3d at 530. On November 2, 2026, Defendants quoted the ECF No. 90-1 sentence whole: it concerned "Count II of the proposed First Amended and Supplemental Complaint (Exhibit A to ECF No. 88)," not ECF No. 1, and Count II is a Michigan-law count that Dyer II does not plead. (ECF No. 105, PageID.2131 (quoting ECF No. 90-1, PageID.1221); ECF No. 90-3, PageID.1316; ECF No. 107, PageID.2190.) The Court should deny the request to dismiss Dyer II as duplicative or an "end-run."

Finally, ECF No. 107 never asks that any dismissal be without prejudice (ECF No. 107, PageID.2180, 2199), and an involuntary dismissal "is presumed to be with prejudice unless the dismissal order states otherwise." *Baatz*, 814 F.3d at 794. Any dismissal should say it is without prejudice and reach only counts "materially on all fours" with claims ECF No. 1 pleads. *Smith*, 129 F.3d at 361.

## IV. CONSOLIDATION IS PREMATURE, BECAUSE JUDGE HOOD ALREADY PRESIDES OVER BOTH CASES.

Defendants have not shown that Rule 42(a) and *Gamboa*, which they cite, support consolidation. (ECF No. 107, PageID.2187.) Consolidation "is not justified or required simply because the actions include a common question of fact or law," and "[w]hen cases involve some common issues but individual issues predominate, consolidation should be denied." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (Hood, J.). On Dyer II's later counts, individual issues predominate: ECF No. 1 pleads no report to Ford Credit or GM Financial. (Dyer II,

ECF No. 1, ¶¶ 150-151, 157-158, 164-165, PageID.30, 32, 34; ECF No. 1.) *Gamboa* also weighs "the risk of inconsistent adjudications of common factual and legal issues," and "if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." 381 F. Supp. 3d at 866. The risk of inconsistent rulings is remote, and the savings slight, with Judge Hood and Magistrate Judge Patti on both dockets since October 30, 2026. (Dyer II, ECF No. 6, PageID.44.)

Two pending rulings will shape any overlap. ECF No. 26, under advisement since May 28, 2025, will decide which claims against DMI and Village go forward here. (ECF No. 105, PageID.2129.) The other is ECF No. 101, Plaintiff's objection to the order denying leave; if the objection is sustained, Plaintiff will move to consolidate. (ECF No. 101, PageID.1918, 1928 n.3.) Magistrate Judge Patti has denied consolidation where, with "dispositive motions having already been filed and the same judicial officers having already been assigned to these cases, there is little reason, if any, for the Court to consolidate these matters at this time." *Butz v. Clayton*, No. 2:15-cv-12232, ECF No. 19, at 6 (E.D. Mich. March 31, 2016). *Butz* denied consolidation "WITHOUT PREJUDICE to renewal should both of these cases survive the pending motions to dismiss." *Id.*

*Gamboa* dismissed no suit: it consolidated four suits over the plaintiffs' request to wait on the pending motions to dismiss and decided those motions in the

same order. 381 F. Supp. 3d at 867, 886-87. Every plaintiff there claimed harm "in the same manner" and sought "the same relief," and their "only substantial argument" on prejudice was that the defendants might revise their motions to dismiss. *Id.* at 867. Here, Dyer II pleads conduct that ECF No. 1 does not, and ECF No. 107 seeks Dyer II's dismissal "upon consolidation" while saying consolidation "will not result in prejudice to any party." (ECF No. 107, PageID.2179, 2189.) Consolidation cannot carry that result: it "does not merge the suits into a single cause, or change the rights of the parties." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). Consolidation also "could not prejudice rights to which the parties would have been due had consolidation never occurred." *Id.* at 72. *Gamboa* itself says "[c]onsolidation of separate actions does not merge the independent actions into one suit." 381 F. Supp. 3d at 866. Any consolidation should replace dismissal, not lead to it, as the Sixth Circuit suggested for a later suit that was not duplicative. *Twaddle*, 200 F. App'x at 438-39. The request should be denied without prejudice to a motion after ECF Nos. 26 and 101 are decided.

## V. NO FILING RESTRICTION IS WARRANTED, BECAUSE THIS CASE AND DYER II, BOTH ABOUT ONE LOAN, ARE NOT A PATTERN.

ECF No. 107 quotes LR 5.2, then swaps two of its terms. (ECF No. 107, PageID.2188, 2192.) The rule requires a judicial finding that the litigant "has engaged in a pattern of filing repetitive, frivolous, or vexatious cases." ECF

No. 107 substitutes “vexatious, frivolous, and duplicative filings,” points to this case and Dyer II, both about one loan, and seeks a “vexatious litigant” label the rule does not contain. (ECF No. 107, PageID.2185-86, 2192.) It omits the rule’s comment, which cites *Feathers* for screening “complaints from litigants who have filed multiple actions that previously were found to be frivolous.” (ECF No. 107, PageID.2188; E.D. Mich. LR 5.2 cmt.)

**A. Restrictions follow repeated suits or frivolous filings, on findings.**

Each Sixth Circuit restriction Defendants cite followed repeated suits that courts had rejected. *Feathers* upheld “a conventional prefiling review requirement” for later complaints raising claims “rejected on so many previous occasions.” *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269-70 (6th Cir. 1998). *Hyland* concerned a “frequent litigator” whose frivolous suits had spread to other courts. *Hyland v. Stevens*, 37 Fed. App’x 770, 770-71 (6th Cir. 2002). Judge Hood’s *Sims-Eiland* order followed two judgments for the defendant and a third suit on the same December 10, 1990 and April 22, 1991 employment actions, and it reached only “subsequent causes of action.” *Sims-Eiland v. Detroit Bd. of Educ.*, 173 F. Supp. 2d 682, 683-84, 690 (E.D. Mich. 2001) (Hood, J.).

*Arnold* restricted filings in a pending case after the plaintiff filed “nearly 70 documents.” *Arnold v. SafeRent Solutions LLC*, No. 22-11481, 2024 WL 5510219, at *1 (E.D. Mich. December 20, 2024) (Hood, J.). He “has not provided any

reasons" why his filings should not be deemed frivolous, and the Court granted the request to "deem frivolous all pleadings and requests for relief" he had filed since February 16, 2024. *Id.* at *2. ECF No. 107 describes Plaintiff's filings in sentences taken nearly word for word from *Arnold*'s findings about a different litigant's record. *Compare* ECF No. 107, PageID.2193-94, *with Arnold*, 2024 WL 5510219, at *2. No order here finds any filing frivolous or harassing.

Defendants' *Feathers* quotation concerns "future attempts to relitigate old claims," yet they say "no substantive issues have been decided in this case." (ECF No. 107, PageID.2188, 2194.) In *Wasserman*, the Sixth Circuit affirmed a vexatious-litigator order that followed earlier sanctions, notice, and seven cases in two years. *Wasserman v. Beggs*, No. 25-3793, slip op. at 4, 7 (6th Cir. October 27, 2026). It applied four circumstances that, "if met," satisfy due process; the last is to "narrowly tailor the order to closely fit the specific vice encountered." *Id.* at 7 (quoting *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019)).

**B. No order finds any of Plaintiff's filings frivolous or harassing, and Defendants cite none.**

Defendants ask for an LR 5.2 restriction but cite no order, and no transcript page, finding any filing frivolous or harassing. (ECF No. 107, PageID.2192-99.) ECF No. 100 denied one motion for leave to amend and supplement. (ECF No. 100.) Defendants themselves told Judge Hood that the Order "focused on

undue delay, prejudice, and a failure to comply with Rule 8(a)(2).” (ECF No. 105, PageID.2141.) Every reason the Order gave was a reason to deny leave under Rule 15, not “substantive findings as to the frivolous or harassing nature of the litigant’s actions,” *Wasserman*, slip op. at 7 (quoting *Clemons*, 2019 WL 7567197, at *3), or a “pattern of filing repetitive, frivolous, or vexatious cases,” LR 5.2. The Court denied the two judicial-notice motions as “duplicative of each other,” as seeking relief that Rule 26(f) does not require, and, “most importantly,” as “largely moot as discovery is currently stayed.” ECF No. 107 omits that reason entirely. (ECF No. 87, PageID.946-47; ECF No. 107, PageID.2194.) Neither those reasons nor the phrase “completely unnecessary” (ECF No. 107, PageID.2194) is such a finding.

The “disingenuous” comments Defendants cite concerned one argument about Defendants’ extension motion, ECF No. 91. (ECF No. 107, PageID.2195; ECF No. 99, PageID.1829, Tr. 14:5-23.) ECF No. 87 cautioned the parties against trying to “litigate this case by way of sanction” (ECF No. 87, PageID.948), and ECF No. 107 calls its request a “Sanction” (ECF No. 107, PageID.2198). Defendants invoke inherent power (ECF No. 107, PageID.2178), but *Roadway* calls for “a specific finding” of bad faith, “a finding that would have to precede any sanction under the court’s inherent powers.” *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). ECF No. 107 never uses the words “bad faith.”

**C. The record Defendants cite shows no pattern, and Defendants name no lesser measure.**

Defendants date the "pattern" to "April 2025" (ECF No. 107, PageID.2192), but nine days earlier they told Judge Hood that after the May 28, 2025 argument the case "remained generally quiet, outside of administrative matters, for about eight months." (ECF No. 105, PageID.2129.) None of the motions or briefs ECF No. 100 attributes to Plaintiff was filed between April 30, 2025 and February 16, 2026. (ECF No. 100, PageID.1915.) Of the four motions Defendants call "unnecessary," ECF No. 102 is pending, and the Court granted ECF No. 90, which ECF No. 107's footnote does not say. (ECF No. 107, PageID.2183-84 n.1, 2195; ECF No. 105, PageID.2131.) The Court will "take a fresh look at the two Rule 26(f) plans which have already been presented to the Court (ECF No. 68 & 69)" after the dispositive motions are decided. (ECF No. 87, PageID.947.)

The cases behind Defendants' factors involved far heavier records. *Kersh* concerned a litigant involved in "at least twenty cases in the Eastern District of Michigan since 1977." *Kersh v. Borden Chem.*, 689 F. Supp. 1442, 1446 (E.D. Mich. 1988). *Kersh*'s example of the "frivolous approach to litigation" it curbed was "suing numerous state court judges in *Kersh v. Livonia*." *Id.* at 1451. ECF No. 107 replaces that example with an ellipsis. (ECF No. 107, PageID.2198.) *Daniel* was "plaintiff's third action against defendant arising from a debt of $40.00," filed after the first two were decided against the plaintiff. *Daniel v. DTE*

*Energy*, No. 11-13141, 2013 WL 4502151, at *1-2, *5 (E.D. Mich. August 22, 2013). On Defendants' fifth factor, "whether other sanctions would be adequate" (ECF No. 107, PageID.2193), ECF No. 107 says "other potential sanctions would not suffice" but names none. (ECF No. 107, PageID.2198.) *Hyland*, which Defendants cite, says the court "must use the least restrictive sanction necessary to deter the inappropriate behavior." 37 Fed. App'x at 771.

**D. Plaintiff's position rests on law, and Defendants file no proof of cost.**

A first suit does not bar claims on later events, so Plaintiff's position has a basis in law. *Rawe*, 462 F.3d at 529-30. Defendants argue that Plaintiff lacks an "objective good faith expectation of prevailing" because leave was denied. (ECF No. 107, PageID.2196.) But "there is no law in this circuit regarding whether denial of a motion for leave to amend a complaint constitutes a final judgment on the merits." *Church*, 817 F. App'x at 147 (affirming denial of sanctions in part for that reason). Defendants stress Plaintiff's law degree, but LR 5.2 turns on a pattern of filing cases, and training is not a finding that any filing was frivolous. (ECF No. 107, PageID.2195-96.)

Defendants cite "significant time and resources" and "flights and hotels" but file no declaration, invoice or figure. (ECF No. 107, PageID.2197; *see* ECF Nos. 107-1, 107-2.) Plaintiff objects to any proof or ground first offered in reply, which he would have no right to answer. *Lucas*, which Defendants cite, refused to

consider grounds first raised in a reply because doing so "denies plaintiff the opportunity to respond." 214 F. Supp. 3d at 10.

**E. The order Defendants seek is not narrowly tailored.**

ECF No. 107 describes the restriction three different ways: leave before filing "any of his proposed motions" (ECF No. 107, PageID.2183); leave before filing "any motions or documents in this case, or any new actions in the Eastern District of Michigan concerning Defendants and the matters alleged in this case" (ECF No. 107, PageID.2180); and "any documents in this case or any additional duplicative lawsuits in this District" (ECF No. 107, PageID.2186). The second version, which both of ECF No. 107's requests for relief use, would require leave before Plaintiff could answer a motion or object to a ruling. LR 5.2 reaches "filing actions." *Arnold*'s filing restriction came in an order that also deemed the plaintiff's filings frivolous. 2024 WL 5510219, at *2. The Sixth Circuit restrictions Defendants cite reached new suits and appeals. *Feathers*, 141 F.3d at 269-70; *Hyland*, 37 Fed. App'x at 771-72. If the Court considers any restriction, it should first give notice, create "an adequate record for review" listing each case and motion relied on, and make "substantive findings as to the frivolous or harassing nature" of those filings. *Wasserman*, slip op. at 7 (quoting *Clemons*, 2019 WL 7567197, at *3). Any order should "closely fit the specific vice encountered," *id.*, and reach only "filing actions," as LR 5.2 provides. In *Wasserman*, the fit came

from a finding: a "penchant for filing numerous frivolous cases." *Id.* at 8. No filing restriction should issue.

## VI. THE "GUARDRAILS" REQUEST IS UNDEVELOPED AND SHOULD BE DENIED.

Guardrails are not among the "three forms of relief" ECF No. 107 describes or the three issues it presents; they appear only in its closing lists. (ECF No. 107, PageID.2179-80, 2182-83, 2199.) The request rests on one sentence and no authority. (ECF No. 107, PageID.2198-99.) That sentence would relieve Defendants "from responding" to Plaintiff's requests to file because responding "would only further increase Defendants' costs." (ECF No. 107, PageID.2199.) Defendants file no proof of those costs (Argument V.D). ECF No. 107 says that on November 4, 2026, under LR 7.1 and ECF No. 87, Defendants sought Plaintiff's position "on this motion." (ECF No. 107, PageID.2180.) That email described consolidation, dismissal, a vexatious-litigant designation and a pre-filing order, but never mentioned guardrails. (Dyer Decl. ¶ 1, Ex. A.)

Issues that are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," and "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (ECF No. 100, PageID.1913 (quoting *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997)).) The request presumes a pre-filing restriction, falls with it and should be denied.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Deny Defendants' request to consolidate Dyer II with this case;

2. Deny Defendants' request to dismiss Dyer II;

3. Deny Defendants' request to designate Plaintiff a vexatious litigant and to impose any pre-filing restriction, under LR 5.2 or the Court's inherent power, in this case or on new actions;

4. Deny Defendants' request for "guardrails"; and

5. Limit any relief the Court considers on those requests as follows:

   (a) Judge Hood decides every request (LR 42.1(b)); any referral of the dismissal and restriction requests is for proposed findings and recommendations reviewed de novo on objection; and Dyer II is not consolidated or dismissed before notice of the motion is filed on its docket (28 U.S.C. § 636(b)(1)(B)-(C), (c)(1); LR 42.1(a)(2));

   (b) any Dyer II count the Court finds overlaps this case is stayed until final judgment in this case (*Smith*, 129 F.3d at 361; *Baatz*, 814 F.3d at 794-95);

(c) any dismissal states that it is without prejudice and reaches only counts the Court finds "materially on all fours" with claims ECF No. 1 pleads (*Smith*, 129 F.3d at 361; *Baatz*, 814 F.3d at 794);

(d) any consolidation leaves each case its own parties, pleadings and judgment, and is not a step toward dismissal (*Hall*, 584 U.S. at 70-72); and

(e) any restriction follows notice, a listing of each case and motion relied on, and substantive findings as to the frivolous or harassing nature of those filings (*Wasserman*, slip op. at 7), and reaches only new actions in this District against Defendants on the matters alleged here (LR 5.2).

**Dated November 25, 2026**

Respectfully submitted,

By: /s/ Sharriff Dyer
Sharriff Dyer
Plaintiff, appearing Pro Se
47102 Glenhurst Dr
Canton, MI 48187
Phone: (248) 895-9348
Email: sharriffdyer@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, I filed the foregoing with the Clerk of the Court through the CM/ECF system, which will provide notice to all registered counsel of record.

**Dated November 25, 2026**

Respectfully submitted,

By: /s/ Sharriff Dyer

Sharriff Dyer
Plaintiff, appearing Pro Se
47102 Glenhurst Dr
Canton, MI 48187
Phone: (248) 895-9348
Email: sharriffdyer@gmail.com